UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS GEORGE HYLAND,

Plaintiff,

v.                                                                       Case No. 6:05-cv-570-Orl-18KRS

JACK PARKER, LISA S. PATRICK, PATRICIA
TIPTON, CHARMAINE C. REPASS,

Defendants.

## ORDER OF DISMISSAL

This case is before the Court on the amended civil rights complaint (Doc. No. 14) pursuant to 42 U.S.C. § 1983 filed by Plaintiff, a prisoner of the State of Florida proceeding *pro se*. Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)   Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that, while incarcerated at the Brevard County Detention Center, Defendants have denied him access to the prison law library. It is well-recognized that inmates have a constitutional right of access to the courts, which requires that they be provided with reasonable access to law libraries or persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977).[1] However, "[i]n order to state a claim for denial of access to the courts, a prisoner must allege both a denial of court access and some prejudice resulting from the denial of access." *Franklin v. Sheahan*, No. 97 C 6534, 1998 WL 312120,

---

[1] The Court notes that there is a two-step analysis to determine whether a right of access claim has merit: 1) the Court must decide whether the plaintiff alleges a denial of an adequate law library or adequate legal assistance; and 2) if the claim does not involve either of those two "core requirements," the Court must determine whether the plaintiff has alleged an actual injury to court access. *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994), *cert. denied*, 516 U.S. 825 (1995). An actual injury involves a specific instance in which an inmate was actually denied access to the courts. *Id.* In the present case, Plaintiffs' claim does not involve either of the two core requirements, rather, Plaintiffs allege a denial of access to the prison law library.

at *6 (N.D. Ill. June 5, 1998). For example, Plaintiff must provide evidence "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998); *see also Boglin v. Thomas*, No. CA 00-0035-CB-C, 2001 WL 102337, as * (S.D. Ala. January 2, 2001) (holding that the prisoner "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (quotation omitted) (citation omitted). Therefore, "[i]n order to prevail on a denial-of-access-to-the-courts claim, a Section 1983 plaintiff must establish that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding." *Brinston v. McKeeman*, 992 F. Supp. 897, 912 (W.D. Tex. 1997).

In the present case, Plaintiff has alleged no specific facts sufficient to raise an arguable basis for a finding that he has suffered such prejudice as a result of Defendants' allegedly improper conduct. Conclusory allegations of prejudice are insufficient; rather, there must be specific facts supporting general allegations of prejudice. *Franklin*, 1998 WL 312120, at *6. For example, a plaintiff may allege dates missed, inability to make timely filings, or loss of a case which could have been won. *Id.* Hence, Plaintiff's allegations with regard to the denial of access to the courts are insufficient to withstand scrutiny under Sections 1915A(b) and 1915A(e). Plaintiff simply does not state a claim for denial of access to the courts, and this case must be dismissed as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Motion for Reconsideration (Doc. No. 13, filed May 4, 2005) is **DENIED**.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida this _10_ day of May, 2005.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 5/9
Thomas George Hyland

-4-